UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYAN B. WHITE and** <br> **TARA L. WHITE** <br><br>     **PLAINTIFFS** <br><br> v. <br><br> **ARCPE 1, LLC, ARC SELECT SERVICES, LLC, PLANET HOME LENDING, LLC, JOHN OLSEN and DAVID GORDON** <br><br>     **DEFENDANTS** | CIVIL ACTION NO.:_____ <br><br> JUDGE:_____ <br><br> MAGISTRATE:_____ |

\* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs Bryan B. White and Tara L. White ("Plaintiffs"), allege the following against ARCPE 1, LLC, ARC Select Services, LLC, Planet Home Lending, LLC, John Olsen and David Gordon (collectively, the "Defendants"), based where applicable on personal knowledge, information and belief, and the investigation of counsel.

### I.    Introduction

1. This is the Complaint brought by individual consumers under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* against ARCPE 1, LLC and ERC Select Services, LLC, the Louisiana Unfair Trade Practices Act, Louisiana Revised Statute § 51:1409(A) and Negligence, Louisiana Civil Code Art. 2315 against all Defendants, as well as Fraud, Louisiana Civil Code Art. 1953 against John Olsen and David Gordon individually.

## II.     Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate in this judicial district as all events occurred in St. Tammany Parish, Louisiana.

## III.     Parties

3. Plaintiff, Bryan B. White and Tara L. White are natural persons who reside in St. Tammany Parish, Louisiana, and are alleged "debtors" as defined by the FDCPA, 15 U.S.C. § 1692a, although they deny that they owe any amount of the alleged "debt."

4. Defendant ARCPE 1, LLC ("ARCPE") is a foreign limited liability company not authorized to do but doing business in the State of Louisiana, and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a. ARCPE's principal address is 1900 Sunset Harbor Drive, Annex-2nd Floor, Miami Beach, FL 33139.

5. Defendant ARC Select Services, LLC ("ARC Select") is a foreign limited liability company authorized to do and doing business in the State of Louisiana, and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a. ARC Select is an affiliate of ARCPE, and is listed as a Collection Agency with the Louisiana Secretary of State. ARC Select's principal address is 1900 Sunset Harbor Drive, Annex-2nd Floor, Miami Beach, FL 33139.

6. Defendant Planet Home Lending, LLC ("Planet") is a foreign limited liability company authorized to do and doing business in the State of Louisiana, and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a. Planet is a division of ARCPE. Planet has a

|   |   |
|---|---|
|   | principal address in Meriden, CT, a mailing address in Irvine, TX and a registered agent in Tallahassee, FL. |
| 7. | Defendant John Olsen ("Olsen") in an individual of full age of majority and resident and domiciliary of Miami-Dade County, Florida.  Olsen is co-Managing Partner at ARCPE.  Olsen is listed as Officer of Registered Agent for myriad Florida entities, the vast majority of which list their principal address as 1900 Sunset Harbor Drive, Annex-2nd Floor, Miami Beach, FL 33139. |
| 8. | Defendant David Gordon ("Gordon") in an individual of full age of majority and resident and domiciliary of Miami-Dade County, Florida.  Gordon is co-Managing Partner of ARCPE and Title Manager for ARC Select.  Gordon is listed as Officer of Registered Agent for multiple Florida entities, the many of which list their principal address as 1900 Sunset Harbor Drive, Annex-2nd Floor, Miami Beach, FL 33139. |

## IV.   Factual Allegations

|   |   |
|---|---|
| 9. | On or about May 22, 2007, Plaintiffs executed a mortgage with Iberiabank for their home at 20412 Military Heights Drive, Covington, Louisiana 70435 (hereinafter, the "Property").  Said mortgage was recorded on June 6, 2007 in the St. Tammany Parish Office of Land Records as Instrument Number 1625526. |
| 10. | After several years, Plaintiffs experienced family difficulty and fell behind on their mortgage payments, leading Iberiabank to commence foreclosure proceedings on the Property on or about March 12, 2014.  Said proceedings bore the caption: "*Iberiabank v. Bryan P. White and Tara L. White*, 22nd Judicial District Court, Number 2014-11694." |
| 11. | On May 27, 2015, the 22nd Judicial District Court entered Judgment against the Defendants in the amount of $166,886.57 in unpaid principal, interest in the amount of |

$49,834.63, late charges of $2,507.86, an appraisal fee of $400 plus reasonable attorney fees. A copy of said Judgment is attached hereto as Exhibit 1, and was recorded in the St. Tammany Office of Land Records the same day as Instrument Number 1981821.

12. On August 5, 2020, John Olsen, acting as "Attorney-in-Fact" for Iberiabank, assigned the Defendants' mortgage on the Property, specifically referencing Instrument Number 1625526, to ARCPE 1, LLC. Said Corporate Assignment of Mortgage lists ARCPE 1, LLC's address as 1900 Sunset Harbour Dr., The Annex-2nd Floor, Miami Beach, FL 33139 and is attached hereto as Exhibit 2.

13. Several years later on March 16, 2023, John Olsen, again acting as Iberiabank's "Attorney-in-Fact" executed an Assignment of Judgment to ARCPE 1, LLC, specifically referencing Case Number 2014-11694, Instrument Number 1981821 and listed amounts of $166,888.57 and $49,963.74  A copy of said Assignment of Judgment is attached hereto as Exhibit 3.

14. On May 12, 2023, ARCPE 1, LLC submitted an Amended Judgment in its favor and against Plaintiffs in the amounts of $166,886.57 in unpaid principal, $49,834.63 in interest, late charges of $2,507.86, an appraisal fee of $400.00 plus reasonable attorney fees. Said Amended Judgment was signed on May 16, 2023 and referenced Case Number 2014-11694 and mortgage Instrument Number 1625526; a copy is attached hereto as Exhibit 4.

15. On June 9, 2023, ARCPE 1, LLC filed a Request for Notice of Seizure seeking to have the Sheriff of St. Tammany Parish liquidate the Property for purposes of satisfying the Amended Judgment. *See* Exhibit 4.

16. On September 11, 2023, Plaintiffs filed a Motion for an Order Suspending the Seizure and Sale and Motion to Vacate Amended Judgment and Motion for Leave to File Reconventional Demand against ARCPE, 1, LLC and alleged irregularities with the documents filed to support such foreclosure. Such Motion was filed in Case Number 2014-11694.

17. After considerable discovery and negotiation, on March 4, 2024, the parties agreed to resolve Case Number 2014-11694, whereby Plaintiffs would make a payment in the amount of $195,000.00 to ARCPE 1, LLC and specifically referenced the predecessor Judgment in favor of Iberiabank of May 27, 2015, and the Amended Judgment in favor of ARCPE 1, LLC of May 16, 2023. A copy of such Settlement Agreement and Release of Claims (the "Release") is attached hereto as Exhibit 5. The Release was signed by John Olsen, as Manager for ARCPE 1, LLC.

18. The Release states explicitly that: "ARCPE shall cause the Amended Judgment to be released and cancelled in the land records with St. Tammany Parish Clerk of Court within twenty (20) days of receipt of the Payment and file any dismissal as may be required in the Litigation. See Exhibit 5, at p. 2.

19. By email dated March 7, 2024, counsel for ARCPE 1, LLC stated:

Please make the check payable to Planet Home Lending, LLC and reference loan # 2000012033 on the check. Please send it to my office and we will send it overnight to my client. Thanks!

Plaintiffs made a payment in the amount of $195,000.00 to Planet Home Lending, LLC, which is a subsidiary of ARCPE 1, LLC, and believed they had satisfied their obligations under the Agreement.

20. On or about March 27, 2024, Plaintiffs received a record from the St. Tammany Parish Office of Land Records purporting to show a Release relative to mortgage Instrument Number 1625526. Plaintiffs believed this to be the Cancellation of Mortgage and/or Satisfaction of Judgment ARCPE was required to filed upon receipt of the $195,000.00 payment.

21. According to the Clerk of 22nd Judicial District Court, on April 11, 2024, counsel for ARCPE filed a Motion for Return of Original Exhibits and to Dismiss Case Number 2014-11694, but for unknown reasons, the above-captioned case was never closed.

22. Instead, on March 26, 2025, ARC Select Services, LLC filed an Ex Parte Motion and Order to Revive Judgment and Notice of Reinscription; the Court signed the Order on April 9, 2025. A copy of such Motion and Order is attached hereto as Exhibit 5.

23. Exhibit 5 uses the very same caption: "*Iberiabank v. Bryan P. White and Tara L. White*, 22nd Judicial District Court, Number 2014-11694," and references the original May 27, 2015 Judgment in favor of Iberiabank. Notably, it does not reference ARCPE 1, LLC or mention how ARC Select Services, LLC is or was entitled to enforce such Judgment for a second time.

24. Making matters worse, ARC Select filed a Motion to Examine Judgment Debtor, scheduling the hearing thereupon for September 18, 2025. In other words, as of thus writing, there is a Court Order for Plaintiffs to appear in Court for purposes of revealing all of their financial information to a debt collection attorney retained to collect a debt that is not owed.

25. John Olsen and David Gordon, through ARCPE 1, LLC and its related entities ARC Select Services, LLC and Planet Home Lending, LLC, seeks to collect the very same debt it has already collected, and it is doing so with full knowledge and intention.

26. Upon receipt of this renewed collection attempt for a debt Defendants knew was not owed, Plaintiffs were forced to miss days of work trying to untangle the mess Defendants put them in. Tara White is experiencing sleeplessness, anxiety and stress, fearing that she may be subject to yet more months and possible years of dealing with ARCPE and its various entities and principals.

## First Claim for Relief

**(Fair Debt Collection Practices Act against ARCPE 1, LLC and ARC Select Services, LLC)**

27. Plaintiffs reallege paragraphs 1 – 26 as though fully set forth herein.

28. Plaintiffs are "debtors" as defined by the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692a, although they deny that they owe any amount of the alleged "debt."

29. Defendants ARCPE 1, LLC and ARC Select Services, LLC are "debt collectors" as defined by the FDCPA, § 1692a because they regularly purchase debt for the purposes of collection thereof. ARCPE 1 purchased the Iberiabank debt to collect the same from Plaintiffs. And they collected it. Now ARCPE 1, via its affiliate ARC Select, seek to collect the very same debt for which ARCPE 1 was already paid.

30. Defendants ARCPE 1 and ARC Select violated the FDCPA in one or more of the following ways:

   a) making false or misleading representations;

    b) communicating credit information which they knew to be false or should have known to be false;

    c) failing to disclose in the initial written communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

    d) failing to send Plaintiffs the information required by § 1692g(a); and/or

    e) representing that Plaintiffs owed amounts that they knew explicitly that they did not owe.

31. As a result of ARCPE 1 and ARC Select's failure to comply with the requirements of the FDCPA, Plaintiffs suffered actual damages, including economic loss, invasion of privacy, damage to reputation, interference with their normal and usual activities, worry, fear, distress, frustration, embarrassment, and humiliation, for which they seek damages in an amount to be determined by the jury, in addition to statutory damages in an amount to be determined by the Court.

32. Plaintiffs request their attorney fees pursuant to the FDCPA, § 1692k(a)(3).

<b><u>Second Claim for Relief</u></b>

<b>(Unfair Trade Practices against All Defendants)</b>

33. Plaintiffs reallege paragraphs 1 – 26 as though fully set forth herein.

34. Defendants knew and know that Plaintiffs do not owe the debt they seek to collect. ARCPE 1 was already paid $190,000.00 for the debt, through its subsidiary Planet.

35. Defendants simply repackaged the same debt, this time through ARC Select, and caused the State Court to Order Plaintiffs into Court to reveal all of their finances.

36. Louisiana Revised Statute § 51:1409(A) reads in pertinent part:

8

> Any person who suffers any ascertainable loss of money or moveable property, corporeal or incorporeal, as a result of the use or employment by any other person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

37. Under Louisiana Revised Statute 51:1401 *et seq.* actual damages not only includes monetary losses of the kind Plaintiffs suffered, but also includes damages for mental anguish, embarrassment and humiliation. *See Laurents v. Louisiana Mobile Homes, Inc.*, 689 So.2d 536 (La. App. 3 Cir. 2/5/97). Moreover, Louisiana Revised Statute 51:1405 calls for the payment of reasonable attorney's fees and costs in the event of an "ascertainable loss of money or moveable property."

38. Defendants falsely and deceptively sought, and seek to collect the very same debt for which ARCPE 1 was already paid. This has caused, and is causing Plaintiffs great damage for which Plaintiffs seek full recovery, including but not limited to attorney fees and costs.

### Third Claim for Relief

**(Negligence Against All Defendants)**

39. Plaintiffs reallege paragraphs 1 – 26 as though fully set forth herein.

40. Defendants owed Plaintiffs a duty to treat them reasonably and fairly under the circumstances of their relationship.

41. Whether a duty exists is a question of law. *See Mundy v. Dept. of Health and Human Resources*, 620 So.2d 811 (La. 1993). Whether Defendants breached that duty is a question of fact. *Id.* The determination of whether Defendants' conduct was a cause-in-fact of the

9

Plaintiffs' injuries is also a factual determination. *See Rando v. Anco Insulations, Inc.,* 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065.

42. Defendants willfully and/or negligently breached their duty to Plaintiffs by repackaging the same debt for which ARCPE 1 was paid, so as to collect it again from Plaintiffs. In short, Defendants are liable unto Plaintiffs for the damages they caused them.

## Fourth Claim for Relief

**(Civil Fraud and Misrepresentation Against John Olsen and David Gordon)**

43. Plaintiffs reallege paragraphs 1 – 26 as though fully set forth herein.

44. Louisiana Civil Code Article 1953 reads:

> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

45. Under Louisiana law, the three elements necessary to sustain an action for fraud are: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury. *D.H. Griffin Wrecking Company, Inc. v. 1031 Canal Development, LLC*, 463 F.Supp.3d 713, 725-26 (E.D.La. 2020).

46. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)) (alterations in original). In other words, "the who, what, when, and where must be laid out." *Id.* at 178.

47. Here, John Olsen and David Gordon, as co-Managing Partners of ARCPE 1, oversaw the original purchase of the Iberiabank debt and caused such debt to be collected from Plaintiffs. Thereafter, Olsen and Gordon, through ARC Select, filed the Motion and Order to Revive Judgment and Notice of Reinscription, which the Court signed on April 9, 2025, leading to the Motion to Examine Judgment Debtor and scheduled hearing for September 18, 2025.

48. Olsen and Gordon are engaged in a fraudulent enterprise, as least as pertains to Plaintiffs, whereby they are attempting to collect approximately $200,000.00 for which they were already paid. And they are doing so in a deceptive manner by repackaging the debt.

49. Plaintiffs were severely damaged by Olsen and Gordon's intentional and malicious fraud of repackaging the very same debt for which they were already paid.

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief in their favor as follows:

1. Actual damages to be determined by the trier of fact;
2. General and special damages to be determined by the trier of fact;
3. Punitive damages to be determined by the trier of fact;
4. Statutory damages;
5. Attorneys' fees;
6. Costs and expenses incurred in the action; and
7. Such other and further relief as is appropriate.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants.

DATED this 19th day of August, 2025.    MICHAUD CONSUMER LAW, LLC

/s/ Marc R. Michaud
Marc R. Michaud, T.A. (#28962)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Telephone: (504) 910-6775
Facsimile: (504) 910-6953
*Attorneys for Plaintiffs*