**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRYAN B. WHITE and TARA L. WHITE** | * | |
| **PLAINTIFFS** | * | **CIVIL ACTION NO.: 25-CV-1706** |
| **v.** | * | **JUDGE: CARL J. BARBIER** |
| **ARCPE 1, LLC, ARC SELECT SERVICES, LLC, PLANET HOME LENDING, LLC, JOHN OLSEN and DAVID GORDON** | * | **MAG.: KAREN WELLS ROBY** |
| **DEFENDANTS** | * | |
| * * * * * * * | * | |

**AMENDED COMPLAINT**

Plaintiffs Bryan B. White and Tara L. White ("Plaintiffs"), allege the following against ARCPE 1, LLC, ARC Select Services, LLC, Couch Lambert, LLC and John Olsen (collectively, the "Defendants"), based where applicable on personal knowledge, information and belief, and the investigation of counsel.

## I. Introduction

1. This is the Amended Complaint brought by individual consumers under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* against ARCPE 1, LLC and ERC Select Services, LLC, the Louisiana Unfair Trade Practices Act, Louisiana Revised Statute § 51:1409(A) and Negligence, Louisiana Civil Code Art. 2315 against all Defendants, as well as Fraud, Louisiana Civil Code Art. 1953 against John Olsen individually.

## II. Jurisdiction and Venue

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 and 1337. Venue is appropriate in this judicial district as all events occurred in St. Tammany Parish, Louisiana.

## III. Parties

3. Plaintiff, Bryan B. White and Tara L. White are natural persons who reside in St. Tammany Parish, Louisiana, and are alleged "debtors" as defined by the FDCPA, 15 U.S.C. § 1692a, although they deny that they owe any amount of the alleged "debt."

4. Defendant ARCPE 1, LLC ("ARCPE") is a foreign limited liability company not authorized to do but doing business in the State of Louisiana, and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a. ARCPE's principal address is 1900 Sunset Harbor Drive, Annex-2nd Floor, Miami Beach, FL 33139.

5. Defendant ARC Select Services, LLC ("ARC Select") is a foreign limited liability company authorized to do and doing business in the State of Louisiana, and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a. ARC Select is an affiliate of ARCPE, and is listed as a Collection Agency with the Louisiana Secretary of State. ARC Select's principal address is 1900 Sunset Harbor Drive, Annex-2nd Floor, Miami Beach, FL 33139.

6. Defendant Couch Lambert, LLC ("Couch") is a Louisiana limited liability company authorized to do and doing business in the State of Louisiana, and is a "debt collector" as

defined by the FDCPA, 15 U.S.C. § 1692a. Couch's principal address is 3501 N. Causeway Blvd., Ste. 800, Metairie, LA 70002.

7. Defendant John Olsen ("Olsen") in an individual of full age of majority and resident and domiciliary of Miami-Dade County, Florida. Olsen is co-Managing Partner at ARCPE. Olsen is listed as Officer of Registered Agent for myriad Florida entities, the vast majority of which list their principal address as 1900 Sunset Harbor Drive, Annex-2nd Floor, Miami Beach, FL 33139.

## IV. <u>Factual Allegations</u>

8. On or about May 22, 2007, Plaintiffs executed a mortgage with Iberiabank for their home at 20412 Military Heights Drive, Covington, Louisiana 70435 (hereinafter, the "Property"). Said mortgage was recorded on June 6, 2007 in the St. Tammany Parish Office of Land Records as Instrument Number 1625526.

9. After several years, Plaintiffs experienced family difficulty and fell behind on their mortgage payments, leading Iberiabank to commence foreclosure proceedings on the Property on or about March 12, 2014. Said proceedings bore the caption: "*Iberiabank v. Bryan P. White and Tara L. White*, 22nd Judicial District Court, Number 2014-11694."

10. On May 27, 2015, the 22nd Judicial District Court entered Judgment against the Defendants in the amount of $166,886.57 in unpaid principal, interest in the amount of $49,834.63, late charges of $2,507.86, an appraisal fee of $400 plus reasonable attorney fees. The Judgment expressly encompassed the June 25, 2007 Note, as well as the August 14, 2007 HELOC Agreement. Said Judgment expressly stated: "For judicial recognition that the amounts due to IberiaBank on the Note and the HELOC are secured by that certain Mortgage recorded as Instrument No. 1625526."

11. On August 5, 2020, John Olsen, acting as "Attorney-in-Fact" for Iberiabank, assigned the Defendants' mortgage on the Property, specifically referencing Instrument Number 1625526, to ARCPE 1, LLC. Said Corporate Assignment of Mortgage lists ARCPE 1, LLC's address as 1900 Sunset Harbour Dr., The Annex-2nd Floor, Miami Beach, FL 33139. The Corporate Assignment of Mortgage expressly referenced the "06/06/07 [mortgage] in Official Records as Inst# 1625526 in the Parish of Tammany [sic], Louisiana."

12. Several years later on March 16, 2023, John Olsen, again acting as Iberiabank's "Attorney-in-Fact" executed an Assignment of Judgment to ARCPE 1, LLC, specifically referencing Case Number 2014-11694, Instrument Number 1981821 and listed amounts of $166,888.57 and $49,963.74.

13. On May 12, 2023, ARCPE 1, LLC submitted an Amended Judgment in its favor and against Plaintiffs in the amounts of $166,886.57 in unpaid principal, $49,834.63 in interest, late charges of $2,507.86, an appraisal fee of $400.00 plus reasonable attorney fees. Said Amended Judgment was signed on May 16, 2023 and referenced Case Number 2014-11694 and mortgage Instrument Number 1625526. The Amended Judgment expressly encompassed both the June 25, 2007 Note, as well as the August 14, 2007 HELOC Agreement.

14. On June 9, 2023, ARCPE 1, LLC filed a Request for Notice of Seizure seeking to have the Sheriff of St. Tammany Parish liquidate the Property for purposes of satisfying the Amended Judgment.

15. On September 11, 2023, Plaintiffs filed a Motion for an Order Suspending the Seizure and Sale and Motion to Vacate Amended Judgment and Motion for Leave to File

Reconventional Demand against ARCPE, 1, LLC and alleged irregularities with the documents filed to support such foreclosure. Such Motion was filed in Case Number 2014-11694.

16. After considerable discovery and negotiation, on March 4, 2024, the parties agreed to resolve Case Number 2014-11694, whereby Plaintiffs would make a payment in the amount of $195,000.00 to ARCPE 1, LLC and specifically referenced the predecessor Judgment in favor of Iberiabank of May 27, 2015, and the Amended Judgment in favor of ARCPE 1, LLC of May 16, 2023. The ensuing Release Agreement was signed by John Olsen, as Manager for ARCPE 1, LLC. Said Release Agreement expressly referred to "the Note***s*** and Mortgage over the Property." (emphasis added).

17. The Release states explicitly that: "ARCPE shall cause the Amended Judgment to be released and cancelled in the land records with St. Tammany Parish Clerk of Court within twenty (20) days of receipt of the Payment and file any dismissal as may be required in the Litigation.

18. Plaintiffs made the requisite payment in the amount of $195,000.00, and believed they had satisfied their obligations under the Agreement.

19. On March 25, 2024, Defendants filed a Request for Cancellation of Mortgage relative to mortgage Instrument Number 1625526. Said Request for Cancellation was filed by Planet Home Lending, LLC As Attorney-in-Fact for ARCPE 1, LLC, and is attached hereto as Exhibit A.

20. According to the Clerk of 22nd Judicial District Court, on April 11, 2024, counsel for ARCPE filed a Motion for Return of Original Exhibits and to Dismiss Case Number 2014-11694, but for unknown reasons, the above-captioned case was never closed.

21. Instead, on March 26, 2025, Couch Lambert, LLC filed a Motion to Enroll as Counsel for ARC Select Services, LLC under the very same caption: "*Iberiabank v. Bryan P. White and Tara L. White*, 22nd Judicial District Court, Number 2014-11694."

22. Additionally, on March 26, 2025, Couch Lambert, LLC filed an Ex Parte Motion and Order to Revive Judgment and Notice of Reinscription on behalf of ARC Select Services, LLC. Such Motion references the original May 27, 2015 Judgment in favor of Iberiabank. Notably, it does not reference ARCPE 1, LLC or mention how ARC Select Services, LLC is or was entitled to enforce such Judgment for a second time. The Court signed the Order on April 9, 2025.

23. Making matters worse, Couch Lambert filed a Motion to Examine Judgment Debtor, scheduling the hearing thereupon for September 18, 2025. Such Judgment Debtor Examination was continued without date, but the Order requiring the same persists as of this writing.

24. John Olsen, ARCPE 1, LLC and ARC Select Services, LLC, seek to collect the very same debt by and through Couch Lambert, LLC, debt which they have already collected, and are doing so with full knowledge and intention.

25. Upon receipt of this renewed collection attempt for a debt Defendants knew was not owed, Plaintiffs were forced to miss days of work trying to untangle the mess Defendants put them in. Tara White is experiencing sleeplessness, anxiety and stress, fearing that she may be subject to yet more months and possible years of dealing with ARCPE and its various entities and principals.

26. On October 14, 2025, ARCPE 1, LLC, ARC Select Services, LLC and John Olsen filed their Answer to the original Complaint in this case, and essentially admitted to their error

of seeking to collect on the same Judgment already paid. But they claimed that the error "led to the transfer of the HELOC Loan to ARC Select Services, LLC and the subsequent attempt to collect the HELOC Loan." In other words, Defendants claimed the new collection effort was only on the HELOC and not the original Note. Moreover, Defendants made clear that Planet Home Lending, LLC was not affiliated with the ARC defendants and has no connection to the actions taken by such ARC defendants.

**<u>First Claim for Relief</u>**

**(Fair Debt Collection Practices Act against ARCPE 1, LLC, ARC Select Services, LLC and Couch Lambert, LLC)**

27. Plaintiffs reallege paragraphs 1 – 26 as though fully set forth herein.

28. Plaintiffs are "debtors" as defined by the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692a, although they deny that they owe any amount of the alleged "debt."

29. Defendants ARCPE 1, LLC, ARC Select Services, LLC and Couch Lambert, LLC are "debt collectors" as defined by the FDCPA, § 1692a because they regularly collect and/or purchase debt for the purposes of collection thereof. ARCPE 1 purchased the Iberiabank debt to collect the same from Plaintiffs. And they collected it. Now ARCPE Select, via its Couch, seeks to collect the very same debt for which ARCPE 1 was already paid.

30. Defendants ARCPE 1, ARC Select and Couch violated the FDCPA in one or more of the following ways:

a) making false or misleading representations;

b) communicating credit information which they knew to be false or should have known to be false;

c) failing to disclose in the initial written communication that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose;

d) failing to send Plaintiffs the information required by § 1692g(a); and/or

e) representing that Plaintiffs owed amounts that they knew explicitly that they did not owe.

31. As a result of ARCPE 1, ARC Select and Couch's failure to comply with the requirements of the FDCPA, Plaintiffs suffered actual damages, including economic loss, invasion of privacy, damage to reputation, interference with their normal and usual activities, worry, fear, distress, frustration, embarrassment, and humiliation, for which they seek damages in an amount to be determined by the jury, in addition to statutory damages in an amount to be determined by the Court.

32. Plaintiffs request their attorney fees pursuant to the FDCPA, § 1692k(a)(3).

**Second Claim for Relief**

**(Unfair Trade Practices against All Defendants)**

33. Plaintiffs reallege paragraphs 1 – 26 as though fully set forth herein.

34. Defendants knew and know that Plaintiffs do not owe the debt they seek to collect. ARCPE 1 was already paid $190,000.00 for the debt.

35. Defendants simply repackaged the same debt, this time through ARC Select via Couch, and caused the State Court to Order Plaintiffs into Court to reveal all of their finances. Such Order still stands to this day.

36. Louisiana Revised Statute § 51:1409(A) reads in pertinent part:

Any person who suffers any ascertainable loss of money or moveable property, corporeal or incorporeal, as a result of the use or employment by any other person of an unfair or

deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

37. Under Louisiana Revised Statute 51:1401 *et seq.* actual damages not only includes monetary losses of the kind Plaintiffs suffered, but also includes damages for mental anguish, embarrassment and humiliation. *See Laurents v. Louisiana Mobile Homes, Inc.*, 689 So.2d 536 (La. App. 3 Cir. 2/5/97). Moreover, Louisiana Revised Statute 51:1405 calls for the payment of reasonable attorney's fees and costs in the event of an "ascertainable loss of money or moveable property."

38. Defendants falsely and deceptively sought, and seek to collect the very same debt for which ARCPE 1 was already paid. This has caused, and is causing Plaintiffs great damage for which Plaintiffs seek full recovery, including but not limited to attorney fees and costs.

**Third Claim for Relief**

**(Negligence Against All Defendants)**

39. Plaintiffs reallege paragraphs 1 – 26 as though fully set forth herein.

40. Defendants owed Plaintiffs a duty to treat them reasonably and fairly under the circumstances of their relationship.

41. Whether a duty exists is a question of law. *See Mundy v. Dept. of Health and Human Resources*, 620 So.2d 811 (La. 1993). Whether Defendants breached that duty is a question of fact. *Id.* The determination of whether Defendants' conduct was a cause-in-fact of the Plaintiffs' injuries is also a factual determination. *See Rando v. Anco Insulations, Inc.,* 08-1163, 08-1169 (La. 5/22/09), 16 So.3d 1065.

42. Defendants willfully and/or negligently breached their duty to Plaintiffs by repackaging the same debt for which ARCPE 1 was paid, so as to collect it again from Plaintiffs. In short, Defendants are liable unto Plaintiffs for the damages they caused them.

**Fourth Claim for Relief**

**(Civil Fraud and Misrepresentation Against John Olsen)**

43. Plaintiffs reallege paragraphs 1 – 26 as though fully set forth herein.

44. Louisiana Civil Code Article 1953 reads:

> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

45. Under Louisiana law, the three elements necessary to sustain an action for fraud are: (1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resulting injury. *D.H. Griffin Wrecking Company, Inc. v. 1031 Canal Development, LLC*, 463 F.Supp.3d 713, 725-26 (E.D.La. 2020).

46. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)) (alterations in original). In other words, "the who, what, when, and where must be laid out." *Id.* at 178.

47. Here, John Olsen, as co-Managing Partners of ARCPE 1, oversaw the original purchase of the Iberiabank debt and caused such debt to be collected from Plaintiffs. Thereafter,

Olsen, through ARC Select via Couch, filed the Motion and Order to Revive Judgment and Notice of Reinscription, which the Court signed on April 9, 2025, leading to the Motion to Examine Judgment Debtor and scheduled hearing for September 18, 2025. And while such September 18, 2025 Examination never happened, the Order requiring the Judgment Debtor Examination still stands and is in place at this very moment.

48. Olsen is engaged in a fraudulent enterprise, as least as pertains to Plaintiffs, whereby he is attempting to collect approximately $200,000.00 for which he was already paid. And he is doing so in a deceptive manner by repackaging the debt.

49. Plaintiffs were severely damaged by Olsen's intentional and malicious fraud of repackaging the very same debt for which he was already paid.

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief in their favor as follows:

1. Actual damages to be determined by the trier of fact;
2. General and special damages to be determined by the trier of fact;
3. Punitive damages to be determined by the trier of fact;
4. Statutory damages;
5. Attorneys' fees;
6. Costs and expenses incurred in the action; and
7. Such other and further relief as is appropriate.

PLAINTIFFS DEMAND A TRIAL BY JURY.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants.

DATED this 17th day of October, 2025.

MICHAUD CONSUMER LAW, LLC

/s/ Marc R. Michaud

Marc R. Michaud, T.A. (#28962)
1100 Poydras Street, Suite 2900
New Orleans, Louisiana 70163
Telephone: (504) 910-6775
Facsimile: (504) 910-6953
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above pleading has been served on all known counsel for all parties to this litigation by U.S. Mail and facsimile, on this 17th day of October, 2025.

/s/ *Marc R. Michaud*
**MARC R. MICHAUD**